UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TYRONE RIGHTER,

Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, TYRONE RIGHTER, sues Defendant ROYAL CARIBBEAN CRUISES LTD., a Liberian corporation with its principal place of business in Florida, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, TYRONE RIGHTER, is a citizen and permanent resident of the state of Delaware and is sui juris.

3. Defendant ROYAL CARIBBEAN is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida. For federal jurisdictional purposes, it is both a citizen of Liberia and a citizen of Florida.

4. This Court has subject matter jurisdiction over this case pursuant to the diversity jurisdiction provided under 28 U.S.C.§ 1332. As alleged above, the Plaintiff is a citizen and

permanent resident of the State of Delaware, while the Defendant is for federal jurisdictional purposes a citizen of the State of Florida, the location of its principal place of business. The damages alleged in Paragraph 12 below support an award of damages in excess of the jurisdictional amount of $75,000.00.

5. At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. The Defendant's principal place of business is located in Miami-Dade County Florida. Accordingly, venue is proper in this Court. In addition, the applicable ticket contract between the parties requires venue in this Court.

7. Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract via email August 16, 2019.

8. The Defendant has agreed to extend the time provided by the ticket contract to file suit, so this action is timely.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

9. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "SYMPHONY OF THE SEAS."

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

10. At all material times, the Plaintiff was a fare-paying passenger on board the M/S "SYMPHONY OF THE SEAS" and in that capacity was lawfully present on board the vessel.

11. On or about June 18, 2019, while Plaintiff was in sitting in the dining room, his chair collapsed under him, sending him crashing to the floor.

12. As a direct and proximate result, the Plaintiff was injured in and about his body and extremities, ultimately requiring knee surgery, suffered pain and suffering therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation or activation of preexisting injuries, and the inability to lead a normal life. Furthermore, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses as a result of his injuries. Plaintiff has also lost earnings and will continue to lose earnings or earning capacity in the future. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

**COUNT I – NEGLIGENT INSPECTION AND MAINTENANCE**

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

13. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the chairs and furniture in a reasonably safe condition for passengers.

14. At all material times, the chair upon which the Plaintiff sat was defective and in a condition foreseeably dangerous to passengers sitting on it in that it was improperly designed,

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

installed, manufactured, and/or maintained, so that it was unable to hold passengers without collapsing. Further, the Defendant failed to conduct adequate inspections of the chair, on a routine basis to address normal wear and tear, at the time of its installation, or both, which would have revealed the unsuitability of the chair as a result of wear and tear, damage, outliving its natural shelf life, or otherwise.

15. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the chair on which Plaintiff was injured, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to maintain the chair in a reasonably safe condition by correcting the unsafe conditions alleged above or providing a replacement. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

16. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and continues to sustain the damages alleged in Paragraph 12 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

**COUNT II – NEGLIGENT FAILURE TO WARN**

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

17. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to

take reasonable steps to warn passengers including the Plaintiff adequately of any risks created by the condition of the chairs and furniture.

18. At all material times, the chair upon which the Plaintiff sat was defective and in a condition foreseeably dangerous to passengers sitting on it in that it was improperly designed, installed, manufactured, and/or maintained, so that it was unable to hold passengers without collapsing. Further, the Defendant failed to conduct adequate inspections of the chair, on a routine basis to address normal wear and tear, at the time of its installation, or both, which would have revealed the unsuitability of the chair as a result of wear and tear, damage, outliving its natural shelf life, or otherwise.

19. At all material times the chair on which Plaintiff was injured was in a high traffic area of the ship, where it was frequently used by passengers and it was specifically designated for use by cruise ship passengers and was in a condition dangerous to passengers, including the Plaintiff, due to its being unstable for use.

20. At all material times the Defendant knew or should in the exercise of reasonable care have known of the risks to passengers, such as the Plaintiff, as specified in the preceding paragraph. The Defendant's actual or constructive knowledge was derived from prior similar incidences and the length of time the condition had existed before the Plaintiff was injured.

21. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the chair on which Plaintiff was injured as alleged above, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures adequately to warn the Plaintiff of the

risks to passengers including the Plaintiff alleged above through adequate signage or markings, orally delivered warnings, or otherwise.

22. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff sustained serious injuries as alleged in Paragraph 12 above and has sustained and will continue in the future to sustain the damages alleged in Paragraph 12.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

**COUNT III– NEGLIGENT FAILURE TO IMPLEMENT ADEQUATE POLICIES AND PROCEDURES**

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

23. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to implement and enforce safety policies and procedures to maintain safe use of the chairs and furniture. This duty of reasonable care included a duty to implement and enforce policies and procedures, which if followed, would have resulted in the deficient nature of the chair being identified so that the chair could have been repaired or removed from service prior to the Plaintiff's injury.

24. At all material times, the chair upon which the Plaintiff sat was defective and in a condition foreseeably dangerous to passengers sitting on it in that it was improperly designed, installed, manufactured, inspected and/or maintained, so that it was unable to hold passengers without collapsing. At all material times, the chair upon which the Plaintiff sat was defective and

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

in a condition foreseeably dangerous to passengers sitting on it in that it was improperly designed, installed, manufactured, and/or maintained, so that it was unable to hold passengers without collapsing. Further, the Defendant failed to conduct adequate inspections of the chair, on a routine basis to address normal wear and tear, at the time of its installation, or both, which would have revealed the unsuitability of the chair as a result of wear and tear, damage, outliving its natural shelf life, or otherwise.

25. At all material times the chair on which the Plaintiff was injured was in a high traffic area specifically designated for dining passengers and was in a condition dangerous to passengers, including the Plaintiff, due to its being unstable.

26. At all material times the Defendant knew or should in the exercise of reasonable care have known of the hazard posed to passengers by Defendant's failure to implement and enforce adequate policies and procedures for use and knew or should have known of the risks to passengers, such as the Plaintiff, created by such a failure to implement and enforce adequate policies and procedures. The Defendant's actual or constructive knowledge was derived from prior incidences, the recurring nature of the conditions, prior similar occurrences, and the length of time the conditions had existed before the Plaintiff was injured.

27. Notwithstanding Defendant's actual or constructive knowledge of the necessity to implement and enforce adequate policies and procedures, the Defendant failed before the time of the Plaintiff's injury to take reasonable steps to implement and enforce such adequate policies and procedures. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

CASE NO.

28. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff sustained serious injuries as alleged in Paragraph 12 above and has sustained and will continue in the future to sustain the damages alleged in Paragraph 12.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right. Executed this 16th day of November 2020.

**s/NICHOLAS I. GERSON**
NICHOLAS I. GERSON
ngerson@gslawusa.com
filing@gslawusa.com
zdiaz@gslawusa.com
Florida Bar No. 0020899
DAVID MARKEL
dmarkel@gslawusa.com
cbenedi@gslawusa.com
Florida Bar No. 78306
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone: (305) 371-6000
Facsimile: (305) 371-5749